UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL EXPRESS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. LINDELL,<br><br>Defendant. | Case No. 25-cv-10053 |

**PLAINTIFF'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Eastern District of New York, Plaintiff Federal Express Corporation ("FedEx"), by and through its undersigned counsel, respectfully submits the following statement of material facts as to which there is no genuine issue to be tried:

1. In February 2021, FedEx and MP Distribution, LLC (the predecessor of My Pillow, Inc. ("My Pillow")) entered into a Transportation Services Agreement (the "Contract"). Puszko Affirmation, at ¶ 2.[1]

2. After My Pillow stopped making payments to FedEx in accordance with the Contract, on February 27, 2025, FedEx filed a complaint (the "Original Complaint") against My Pillow in the United States District Court for the Western District of Tennessee, Western Division

[1] The *Affirmation of Larry Puszko in Support of Motion for Summary Judgment in Lieu of Complaint* ("Puszko Affirmation") was filed at NYSCEF Doc. No. 5 (N.Y. Sup. Ct., N.Y. Cnty., Index No. 659206/2025) and is also attached as **Exhibit D** to the *Memorandum of Law in Support of Plaintiff Federal Express Corporation's Motion for Summary Judgment*.

asserting claims for breach of contract and unjust enrichment. *See* Docket No. 1 (W.D. Tenn. Case 2:25-cv-02222-JPM-atc).

3. My Pillow was served with the Original Complaint on March 4, 2025. *See* Docket No. 12 (W.D. Tenn. Case 2:25-cv-02222-JPM-atc).

4. On June 6, 2025, FedEx filed a First Amended Complaint (the "First Amended Complaint") against both My Pillow and Michael J. Lindell ("Lindell') (the owner of My Pillow), now adding a fraud claim against Lindell based on representations Lindell made to FedEx to allow My Pillow to continue shipping on credit. *See* Docket No. 13 (W.D. Tenn. Case 2:25-cv-02222-JPM-atc).

5. On the same day, both Lindell and My Pillow were served with the First Amended Complaint. *See* Docket No. 15, 16 (W.D. Tenn. Case 2:25-cv-02222-JPM-atc).

6. After neither Lindell nor My Pillow responded to or otherwise answered the Original Complaint or the First Amended Complaint despite their deadlines to do so, on July 7, 2025, FedEx requested that the Clerk enter default as to both defendants so that FedEx could proceed with a Motion for Default Judgment to establish the damages to be awarded as to each defendant. *See* Docket No. 17 (W.D. Tenn. Case 2:25-cv-02222-JPM-atc).

7. The clerk entered a default against Lindell and My Pillow on July 8, 2025. *See* Docket No. 18 (W.D. Tenn. Case 2:25-cv-02222-JPM-atc).

8. On July 10, 2025, FedEx filed a Motion for Entry of Default Judgment against Lindell and My Pillow. *See* Docket No. 19 (W.D. Tenn. Case 2:25-cv-02222-JPM-atc).

9. On August 1, 2025, the United States District Court for the Western District of Tennessee, Western Division, entered an Order Granting Motion for Entry of Default Judgment, finding My Pillow liable to FedEx in the amount of $8,809,056.31 in compensatory damages and

finding Lindell jointly and severally liable to FedEx in the amount of $2,677,933.31 in compensatory damages (the "Tennessee Judgment"). *See* Docket No. 24, 25 (W.D. Tenn. Case 2:25-cv-02222-JPM-atc).

10. The Court additionally awarded court costs and postjudgment interest. *Id*.

11. The deadline for Lindell to appeal the Tennessee Judgment was September 1, 2025. Fed. R. App. P. 4(a)(1)(A).

12. Lindell did not appeal the Tennessee Judgment. *See generally*, W.D. Tenn. Case 2:25-cv-02222-JPM-atc.

13. FedEx has not received any amount owed to it pursuant to the Tennessee Judgment. Puszko Affirmation, at ¶ 17; Bernhardt Affirmation, at ¶ 10.[2]

14. On October 17, 2025, FedEx filed a Motion for Summary Judgment in Lieu of Complaint against Lindell pursuant to New York Civil Practice Law and Rules ("CPLR") 3213 in the Supreme Court of the Stat of New York, County of New York, requesting that a judgment be entered in favor of FedEx in an amount equal to $2,677,933.31, along with prejudgment and post-judgment interest, all fees and expenses (including costs of suit and attorneys' fees), and such other and further relief as the Court deems just and proper (the "State Court Summary Judgment Action"). NYSCEF Doc. No. 2 (N.Y. Sup. Ct., N.Y. Cnty., Index No. 659206/2025).

15. On or about December 2, 2025, Lindell was served with the State Court Summary Judgment Action. Docket No. 4.

16. On December 3, 2025, Lindell removed the State Court Summary Judgment Action to this Court. NYSCEF Doc. No. 8 (N.Y. Sup. Ct., N.Y. Cnty., Index No. 659206/2025).

---

[2] The *Affirmation of Jason Bernhardt in Support of Motion for Summary Judgment in Lieu of Complaint* ("Bernhardt Affirmation") was filed at NYSCEF Doc. No. 4 (N.Y. Sup. Ct., N.Y. Cnty., Index No. 659206/2025) and is as **Exhibit C** to the *Memorandum of Law in Support of Plaintiff Federal Express Corporation's Motion for Summary Judgment*.

17. On March 18, 2026, this Court entered an Order requiring FedEx to file a complaint and motion for summary judgment by March 31, 2026. Docket No. 7.

Dated: March 31, 2026

FAEGRE DRINKER BIDDLE
& REATH LLP

*/s/ Ryan M. Messina*

Ryan M. Messina (*Pro Hac Vice*)
222 Delaware Ave., Ste. 1410
Wilmington, DE 19801
(302) 467-4200
ryan.messina@faegredrinker.com

-and-

Marsha J. Indych
1177 Avenue of the Americas,
41st Floor
New York, New York 10036
(212) 248-3140
marsha.indych@faegredrinker.com

*Counsel for Federal Express Corporation*