UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FEDERAL EXPRESS CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. LINDELL,<br><br>        Defendant. | **Case No. 25-cv-10053**<br><br>**ANSWER AND<br>AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

Defendant Michael J. Lindell ("Defendant"), by and through his undersigned counsel, submits this Answer and Affirmative Defenses against Plaintiff Federal Express Corporation ("Plaintiff") and states as follows:

## ANSWER TO COMPLAINT

### PARTIES

1.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint.

2.    Defendant admits the allegations in Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3.    Defendant admits the allegations in Paragraph 3 of the Complaint.

4.    Defendant denies the allegations in Paragraph 4 of the Complaint.

### STATEMENT OF FACTS

5.    Defendant denies the first and second sentences of Paragraph 5 of the Complaint. Defendant admits to the existence of the Amendment, which speaks for itself, otherwise denied.

6.    Defendant denies the allegations in Paragraph 6 of the Complaint and asserts that FedEx materially breached the terms of the Contract by improperly charging more than $1,300,000.00 in late fees, which caused significant financial damage to My Pillow.

7. Defendant denies the allegations in Paragraph 7 of the Complaint, except as admitted as to the January 13, 2025 notice, which speaks for itself.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint, except as any referenced documents, which, if they exist, speak for themselves.

10. Defendant denies the allegations in Paragraph 10 of the Complaint, except as any referenced documents, which, if they exist, speak for themselves.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint, except as any referenced documents, which, if they exist, speak for themselves.

13. Defendant denies the allegations in Paragraph 13 of the Complaint, except as any referenced documents, which, if they exist, speak for themselves.

14. Defendant denies the allegations in Paragraph 14 of the Complaint, except as any referenced documents, which, if they exist, speak for themselves.

15. Defendant denies the allegations in Paragraph 15 of the Complaint, except as any referenced documents, which, if they exist, speak for themselves.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 18 of the Complaint, otherwise denied.

19. Defendant denies the allegations in the first sentence of Paragraph 19 of the Complaint, except as to the Tennessee Complaint, which speaks for itself.  Defendant denies the allegations in the second sentence of Paragraph 19 of the Complaint.

2

20.     Defendant denies the allegations in the first sentence of Paragraph 20 of the Complaint, except as to the First Amended Complaint, which speaks for itself.  Defendant denies the allegations in the second sentence of Paragraph 20 of the Complaint.

21.     Defendant denies the allegations in the first sentence of Paragraph 21 of the Complaint.  Defendant admits the allegations in the second sentence of Paragraph 21 of the Complaint, except denies that default was properly entered.

22.     Defendant admits that Plaintiff filed the motion referenced in Paragraph 22 of the Complaint, but denies that it was properly filed or served.

23.     Defendant admits that the Court entered the Order referenced in Paragraph 23 of the Complaint, but denies that it was properly entered.

24.     Defendant admits the allegation in Paragraph 24 of the Complaint, but denies that the Tennessee Judgment was properly entered.

25.     Defendant admits that it has not made payments to Plaintiff based on the Tennessee Judgment, otherwise denied.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint, except admits that Plaintiff filed the papers referenced, which speak for themselves.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant admits the allegations in Paragraph 28 of the Complaint.

29.     Defendant admits the allegations in Paragraph 29 of the Complaint.

## FIRST CAUSE OF ACTION
### Recognition of Judgment

30.     Defendant repeats its responses to the allegations in Paragraphs 1 through 29.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint, except the reference to the statute, which speaks for itself.

3

32.     Defendant denies the allegations in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint, except the reference to the attached document, which speaks for itself.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint, except the reference to the attached document, which speaks for itself.

35.     Defendant denies that the Tennessee Judgment was properly entered and therefore denies the deadline for the date of appeal set forth in Paragraph 35 of the Complaint.

36.     Defendant admits the allegation in Paragraph 36, but denies that the Tennessee Judgment was properly entered.

37.     Defendant admits that it has not made payments to Plaintiff based on the Tennessee Judgment, and otherwise denies the allegations in Paragraph 37 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's claims, and each of them, are barred because service of the initial Complaint was ineffective, as the recipient was not authorized to accept service.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's claims, and each of them, are barred because service of the First Amended Complaint was ineffective, and in any event should be set aside due to mistake, inadvertence, surprise and/or excusable neglect.

### THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff's claims, and each of them, are barred because the alleged agreement was unconscionable and illusory.

### FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's claims, and each of them, are barred as a result of failure of

4

consideration.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims, and each of them, are barred, in whole or in part, because plaintiff failed to mitigate its alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claims, and each of them, are barred due to plaintiff's own unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims, and each of them, are barred under the doctrines of waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

8.      This Court lacks personal jurisdiction over the Defendant.

## NINTH AFFIRMATIVE DEFENSE

9.      The Complaint fails to state a claim against the Defendant upon which relief may be granted.

## TENTH AFFIRMATIVE DEFENSE

10.      Plaintiff's breach of the implied covenant of good faith and fair dealing bars Plaintiff's claims asserted in the Complaint.


Defendant reserves the right to assert other affirmative defenses as may be warranted as discovery proceeds.


**WHEREFORE**, Defendant seeks entry of a judgment against Plaintiff as follows:

5

(i)      dismissing all of Plaintiff's claims against Defendant; and

(ii)     fees, costs, and disbursements to Defendant;

(iii)    and for such other and further relief as the Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury.


Dated: New York, New York          PARNESS LAW FIRM, PLLC
       May 12, 2026

                                   By:___/s/ Hillel I. Parness_____
                                   Hillel I. Parness
                                   136 Madison Ave., 6th Floor
                                   New York, New York  10016
                                   (212) 447-5299
                                   hip@hiplaw.com
                                   *Attorneys for Defendant Michael Lindell*

6